## STATE *v.* EMMA DOWERS.

It is sufficient in an indictment to charge the offence of night-walking in general terms, as in the case of common barrators, common scolds, and the like, without specifying the acts which go to constitute it.

APPEAL from the sentence of the police judge of Portsmouth, on a complaint against the defendant, which charged that she, on the tenth day of July, 1864, "was a common night-walker, and, from the said tenth day of July to the day of the filing of the complaint, during divers nights within the time aforesaid, did walk and ramble in the streets and common highways in the said city of Portsmouth, at unseasonable hours

of said nights, without having any lawful business and without any necessity therefor, against good morals and good manners."

The defendant moved that the complaint be quashed, because it contained no sufficient description of any legal offence.

*Bell, Solicitor,* for State.

*Frink,* for respondent.

BELLOWS, J. The charge is, that the respondent at a time named was a common night-walker, with some specifications of particular acts done by her; and the question argued at the bar is, whether the offence of being a common night-walker belongs to that class which, as in the cases of common barrators, common scolds, and the like, may be described in the indictment in general terms.

To be a common night-walker is an offence at common law as well as by the Revised Statutes, ch. 116, sec. 2, which appears to be a revision of the law of December 1828, (N. H. Laws ed. 1830, p. 303, sec. 5.) A similar law was passed in 1791, (Ed. 1805, p. 299.) In both of these earlier statutes, as well as in the law of 1807, (Ed. of 1815, p. 459,) applicable to the city of Portsmouth, the term *common night-walkers* is used; and, in all of them, such offenders may be punished by being sent to the house of correction; and we think, that, in the slight change in the phraseology of the provision in the Revised Statutes, no substantial alteration was intended. The offence charged, then, and the offence provided for in the Revised Statutes, is that of being *a common night-walker*; and we think, that, as in the cases of common barrators and common scolds, the offence is made up of a series of acts which together form the habit of the individual's life, and constitute the offence. This is strongly implied in the terms used to designate the offence, and the few authorities we have accord with it.

In *Watson* v. *Carr,* 1 Lewin, C. C. 6, Bailey, J., laid it down, that by night-walkers was meant such persons as are in the habit of being out at night for some wicked purpose. See Roscoe's Cr. Evi. 745, where this case is cited. In 1 Burns' Justice, 765, night-walkers are said to be those who eave-drop men's houses, cast men's gates, carts and the like into ponds or commit other outrages or misdemeanors in the night, or shall be suspected to be pilfering or otherwise like to disturb the peace, or that be persons of ill-behavior or of evil fame or report generally, or that shall keep company with any such, or with other suspicious persons in the night. In other places night-walkers are said to be those who are abroad during the night and sleep by day, and of suspicious appearance and demeanor: Bouvier's Law Dictionary Tit. Night-walkers, and Haunters of Bawdy-houses; 2 Hawk. P. C. ch. 8, sec. 38, ch. 10, secs. 34 and 58, ch. 12, sec. 20.

From these authorities, it is obvious, we think, that, to constitute this offence, the habit should exist of being abroad at night for the purpose of committing some crime, of disturbing the peace, or doing some wrong

ful or wicked act.   If some crime is actually committed, that is the subject of a separate indictment; but the power to arrest and punish for the offence of night-walking is conferred for the preservation of the peace and to prevent the commission of crime.

Our conclusion, then, is, that it is sufficient to charge the offence of night-walking in general terms, as in the cases of common barrators, common scolds, keeping a gaming or bawdy house, and the like. *State* v. *Prescott*, 33 N. H. 212 ; *Commonwealth* v. *Pray*, 13 Pick. 359 ; 2 Hawk. P. C., ch. 25, sec. 59 ; 1 Ch. Cr. Law, *230 ; *State* v. *Pierce*, 43 N. H. 276.   In Chitty's Cr. Law, *230, it is said that it is sufficient to indict the respondent in these general words without setting forth any particular acts of barratry or scolding, because the charges include in their nature a succession or continuation of acts, which do not belong to any particular period, but form the daily habit and character of the offender.   The complaint in the case before us accords with the forms given in Bell's Justice and Sheriff, 327, and therefore the

*Motion to quash is denied.*